IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Bob Rhodes,  )
        Plaintiff,  )
          )  No. CV 10-625-TUC-RCC(CRP)
vs.  )
          )  **ORDER**
Raytheon Company  )
        Defendant.  )
          )

      On October 19, 2010, Plaintiff filed a Complaint against Defendant alleging violations of the Americans with Disabilities Act (ADA), constructive discharge, and intentional infliction of emotional distress (IIED). (Doc. 1). Defendant filed a Motion to Dismiss in response and argued (1) Plaintiff's first two claims are time-barred, and (2) Plaintiff failed to state a claim under FED.R.CIV.P. 12(b)(6) for IIED. (Doc. 6). After the parties fully briefed the issues and presented oral argument, the Honorable Charles R. Pyle filed a Report and Recommendation (Recommendation) recommending the Court find Plaintiff's ADA and constructive discharge claims were timely filed and dismissing the IIED claim with leave to amend. (Doc. 32). After a thorough and de novo review of the record, the Court will accept in part and reject in part the Recommendation.[1]

---

[1] The Court adopts the Recommendation's factual and procedural history of the case. The Court will not recite the facts or procedural history anew.

**I.      Timeliness of Plaintiff's ADA and Constructive Discharge Claims**

The Recommendation advises the Court find Plaintiff's ADA and constructive discharge claims were timely filed because (1) the second notice started the 90-day period running, (2) and Plaintiff's counsel presumptively received the letter three days after it was mailed, excluding weekends, on July 21, 2010. (Doc. 32 at 6-7). Accordingly, Plaintiff's counsel filed the Complaint 90 days after receiving it. Id.

Defendant objects that weekends have never been excluded from a three-day mailing period under either case law or the Federal Rules of Civil Procedure. (Doc. 35 at 6-8). Accordingly, Plaintiff's counsel should be presumed to have received it on Monday, July 19, 2010. Id.

**A.      Filing Period**

A person aggrieved by an alleged unlawful employment practice has 90 days to bring a civil action from the date he receives an EEOC Notice of Right to Sue. 42 U.S.C.A. § 2000e-5(f)(1). This filing period operates as a limitations period, and the action is time barred if the claimant does not timely file. Payan v. Aramark Mgmt. Serv. Ltd. P'ship, 495 F.3d 1119, 1121 (9th Cir. 2007). The 90 day period begins to run on the date either the claimant or his counsel receives the notice, whichever comes first. Irwin v. Dept. of Veterans Affairs, 498 U.S. 89, 91-93 (1990). There is a rebuttable presumption that the notice is received three days after mailing. Payan, 495 F.3d at 1121.

The Recommendation advises the Court to count the three day mailing period prior to counting the filing period and to exclude weekends and holidays from the mailing period in accordance with FED.R.CIV.P. 6(a). (Doc. 32 at 7). However, Payan requires a contrary conclusion. In Payan, the Court applied the three days for mailing prior to the filing period, but did not exclude holidays or weekends. 495 F.3d at 1125. While the Court did not explicitly discuss whether or not to exclude holidays and weekends from the three days for mailing, the plaintiff's notice in Payan was also mailed on a Friday. Id. The Court counted three days and assumed she received it on the following Monday. Id. It did not exclude the intervening weekend. Id.

Here, the EEOC mailed the second notice to Plaintiff's counsel on Friday, July 16, 2010. (Doc. 6-1 at 11).[2] This Court must presume he received it three days later on Monday, July 19, 2010. Because he received the notice before his client, July 19 is the starting date for the filing period. The last day of the filing period fell on Sunday, October 17 and the following Monday was the last day to file. FED.R.CIV.P. 6(a)(1)(C). Because Plaintiff filed his Complaint on that Tuesday, he filed one day after the filing period ran.

### B. Equitable Tolling

Plaintiff argued, under a theory of equitable tolling, that the correct date for starting the filing period is July 29 because the EEOC represented to him on that date that a third notice would issue. (Doc. 21 at 10). The Recommendation did not reach this issue, and the Court now considers it.

Equitable tolling has been allowed in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the claimant has been induced or tricked by the adversary's misconduct. Irwin, 498 U.S. at 96. However, courts are less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights. Id. (citing Baldwin Co. Welcome Ctr. v. Brown, 466 U.S. 147, 151 (1984)); Nelmida v. Shelly Eurocars, Inc., 112 F.3d 380, 384 (9th Cir. 1997).

Plaintiff here claims he relied on an EEOC representative's promise to send him a third notice. (Doc. 21 at 10). It was incumbent on Plaintiff to follow up with the EEOC when he did not receive the third notice as expected. Plaintiff does not explain why he did not do so. He cannot now rely on this phantom notice to toll the filing period because he was not diligent in securing the notice. Plaintiff is not entitled to equitable tolling of the filing period.

### II. Sufficiency of Plaintiff's IIED Claim

---

[2] Defendant argues the first notice was never properly rescinded and is, therefore, the controlling document regarding the start of the filing period. (Doc. 35). The Court declines to consider this argument because Plaintiff is time-barred even if the second notice is the controlling document.

After a thorough and de novo review of the record, the Court will accept the Recommendation as to the sufficiency of Plaintiff's IIED claim. The Recommendation advised dismissal of the claim with leave to amend because Plaintiff did not allege facts detailing the persistence or duration of Defendant's alleged conduct or the "severity of the physical or mental repercussions of the alleged severe emotional distress." (Doc. 32 at 11). This was an appropriate resolution of the claim when Plaintiff's federal law claims remained. However, Plaintiff's federal law claims will be dismissed from this action as time barred, and the Court must decide whether to exercise its discretion to maintain jurisdiction over the remaining state law IIED claim. See Carlsbad Tech. Inc. v. HIF Bio, Inc., 129 S.Ct. 1862, 1866 (2009).

The Court will maintain jurisdiction over the state law IIED claim because Plaintiff would be barred by the Arizona statute of limitations if he were to re-file in state court at this time. Hansen v. Stoll, 636 P.2d 1236, 1242 (Ariz.App. 1981) (two year statute of limitations applies to IIED claims). Therefore, leave to amend is appropriate.

**III. Plaintiff's Motion for Leave to File Sur-Reply**

Plaintiff filed a Motion for Leave to File Sur-Reply and argued it was necessary to respond to allegations and accusations made in Defendant's response. (Doc. 24). The Recommendation advises the Court to deny Plaintiff's Motion for Sur-Reply because it is not necessary. (Doc. 32 at 11). The Court agrees.

**IV. Conclusion**

The Court will accept the Recommendations' summary of the facts and procedural history of this action. The Court will further accept the Recommendations' findings as to (1) use of the second notice as the controlling document, (2) dismissal of Plaintiff's IIED claim with leave to amend, and (3) denial of Plaintiff's Motion for Leave to File Sur-Reply. The Court will reject the Recommendation's findings as to the timeliness of Plaintiff's ADA and constructive discharge claims because the filing period ran on October 18, and Plaintiff did not file the instant action until October 19. The Court further finds that equitable tolling does not apply. Accordingly,

The Court **ACCEPTS** in part and **REJECTS** in part the Recommendation of Magistrate Judge Pyle. (Doc. 32).

**IT IS ORDERED granting** Defendant's Motion to Dismiss. (Doc. 6)

**IT IS FURTHER ORDERED** dismissing Plaintiff's ADA and constructive discharge claims with prejudice.

**IT IS FURTHER ORDERED** dismissing Plaintiff's IIED claim without prejudice and with leave to amend. Plaintiff has until **November 3, 2011** to file an amended complaint. If Plaintiff fails to file an amended complaint within the time allowed, the Clerk of Court shall dismiss this action with prejudice and without further notice. See FED.R.CIV.P. 41(b).

**IT IS FURTHER ORDERED** if Plaintiff files an amended complaint within the time allowed, then this case shall be referred back to Magistrate Judge Charles R. Pyle for all pretrial proceedings and a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) and LR Civ 72.1 and 72.2.

DATED this 5th day of October, 2011.

Raner C. Collins
United States District Judge